**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| BRIAN KANE,<br><br>Plaintiff,<br><br>v.<br><br><br>ST. LOUIS REGIONAL CONVENTION<br>AND SPORTS COMPLEX<br>AUTHORITY ("RSA"),<br>ST. LOUIS CONVENTION & VISITORS<br>COMMISSION, and<br>LIVE NATION WORLDWIDE, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No.: |

**COMPLAINT**

NOW COMES the Plaintiff, BRIAN KANE, by and through his attorneys, Seidman Margulis & Fairman, LLP, and for his Complaint against the Defendants, ST. LOUIS REGIONAL CONVENTION AND SPORTS COMPLEX AUTHORITY ("RSA"), ST. LOUIS CONVENTION & VISITORS COMMISSION, and LIVE NATION WORLDWIDE, INC., and in support thereof, states the following:

**JURISDICTION AND VENUE**

1. At all times relevant stated herein, Plaintiff, BRIAN KANE, is and was a citizen of the State of Illinois, and resident of Cook County, Illinois.

2. At all times relevant stated herein, Defendant, ST. LOUIS REGIONAL CONVENTION AND SPORTS COMPLEX AUTHORITY ("RSA"), is and was a Missouri political body politic and corporate and public instrumentality with principal operations within the City of St. Louis, Missouri.

3. At all times relevant stated herein, ST. LOUIS CONVENTION & VISITORS COMMISSION is and was a Missouri political body politic and corporate and public instrumentality with principal operations within the City of St. Louis, Missouri.

4. At all times relevant stated herein, LIVE NATION WORLDWIDE, INC., is and was a Delaware for-profit corporation, with principal place of business in California.

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and each Defendant.

6. The amount in controversy between Plaintiff and each Defendant exceeds $75,000, exclusive of interest and costs.

7. Venue is proper within this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**APPLICABLE LAW**

8. Missouri substantive law applies to the present matter as Plaintiff makes claims sounding in negligence, alleging damages from injuries sustained in Missouri arising out of an occurrence occurring in Missouri, and arising out of acts and omissions occurring in Missouri.

**COUNT I**
**Brian Kane v. St. Louis Regional Convention and Sports Complex Authority ("RSA")**

1-8. Plaintiff repeats and re-alleges paragraphs one (1) through eight (8) as if fully set forth herein.

9. On or about the late evening hours of November 2, 2023 and/or the early morning hours of November 3, 2023, and for some time prior thereto, there existed an event venue at or near 701 Convention Plaza, St. Louis, Missouri, commonly known as the Dome at America's Center (hereinafter the "Dome").

10. At all times relevant stated herein, Defendant, ST. LOUIS REGIONAL CONVENTION AND SPORTS COMPLEX AUTHORITY ("RSA"), owned, held in public trust, controlled, operated, managed, and/or maintained the Dome, including but not limited to the Guardrail.

11. On or about the late evening hours of November 2, 2023 and/or the early morning hours of November 3, 2023, Plaintiff, BRIAN KANE, was a lawful invitee in the Dome, attending a Metallica concert.

12. At the aforementioned time and place, Plaintiff, BRIAN KANE, was seated in the front of his section during the concert, in the elevated seating section directly adjacent to and above the Dome's event floor.

13. At the aforementioned time and place, in front of Plaintiff's seat was a metal guardrail (hereinafter the "Guardrail").

14. The Guardrail was low, and Plaintiff's center of mass was located well above the top of the Guardrail.

15. At the aforementioned time and place, a concert worker threw one or more guitar picks into the audience, towards Plaintiff, BRIAN KANE.

16. While Plaintiff was attempting to catch a guitar pick, the Guardrail shifted, rotating towards the event floor.

17. The low positioning as well as shifting of the Guardrail caused Plaintiff to fall from a height and violently impact the ground below, sustaining severe, permanent, and progressive injuries.

18. At the aforementioned time and place, Defendant, ST. LOUIS REGIONAL CONVENTION AND SPORTS COMPLEX AUTHORITY ("RSA"), owed the duty to exercise

reasonable care in the ownership, operation, management, maintenance and control of the aforementioned Dome and its equipment, installations, and fixtures, including but not limited to the Guardrail, so as to avoid creating and keeping hazards for those invitees lawfully upon the premises, including the Plaintiff.

19. In violation of the aforesaid duty, Defendant, ST. LOUIS REGIONAL CONVENTION AND SPORTS COMPLEX AUTHORITY ("RSA"), committed one or more of the following negligent acts and omissions:

a. Failed to furnish a guardrail that was sufficiently high;

b. Failed to furnish a guardrail that remained stable without shifting and/or moving;

c. Maintained guardrails that were too low;

d. Maintained guardrails that shifted and/or moved;

e. Failed to warn that the Guardrail tended to shift and/or move;

f. Failed to replace, and/or otherwise ameliorate the insufficiently low height of the Guardrail; and

g. Failed to repair, replace, and/or otherwise ameliorate the shifting and/or moving Guardrail.

20. As a direct and proximate result of one or more of the aforementioned negligent acts and omissions committed by the Defendant, ST. LOUIS REGIONAL CONVENTION AND SPORTS COMPLEX AUTHORITY ("RSA"), Plaintiff was caused to fall and impact the ground below, and as a result sustained severe, painful, progressive and permanent personal injuries; incurred medical expenses in relation to the same; lost wages, income, and business opportunity; sustained pain, suffering, and loss of enjoyment of life; and will continue to suffer said injuries, incur medical expenses, lose wages, income, and business opportunity, and sustain pain, suffering, and loss of enjoyment of life in the future.

21. As a further direct and proximate result of the foregoing acts and omissions, the damages of Plaintiff are ongoing and permanent.

WHEREFORE Plaintiff, BRIAN KANE, requests that this Court enter judgment in his favor and against the Defendant, ST. LOUIS REGIONAL CONVENTION AND SPORTS COMPLEX AUTHORITY ("RSA"), in an amount that is fair and reasonable, in excess of the jurisdictional limits of $75,000, plus costs of this suit and for any other relief this Court deems equitable and just.

**COUNT II**
**Brian Kane v. St. Louis Convention & Visitors Commission**

1-8. Plaintiff repeats and re-alleges paragraphs one (1) through eight (8) as if fully set forth herein.

9. On or about the late evening hours of November 2, 2023 and/or the early morning hours of November 3, 2023, and for some time prior thereto, there existed an event venue at or near 701 Convention Plaza, St. Louis, Missouri, commonly known as the Dome at America's Center (hereinafter the "Dome").

10. At all times relevant stated herein, Defendant, ST. LOUIS CONVENTION & VISITORS COMMISSION, owned, held in public trust, controlled, operated, managed, and/or maintained the Dome premises, including but not limited to the Guardrail.

11. On or about the late evening hours of November 2, 2023 and/or the early morning hours of November 3, 2023, Plaintiff, BRIAN KANE, was a lawful invitee in the Dome, attending a Metallica concert.

12. At the aforementioned time and place, Plaintiff, BRIAN KANE, was seated in the front of his section during the concert, in the elevated seating section directly adjacent to and above the Dome's event floor.

13. At the aforementioned time and place, in front of Plaintiff's seat was a metal guardrail (hereinafter the "Guardrail").

14. The Guardrail was low, and Plaintiff's center of mass was located well above the top of the Guardrail.

15. At the aforementioned time and place, a concert worker threw one or more guitar picks into the audience, towards Plaintiff, BRIAN KANE.

16. While Plaintiff was attempting to catch a guitar pick, the Guardrail shifted, rotating towards the event floor.

17. The low positioning as well as shifting of the Guardrail caused Plaintiff to fall from a height and violently impact the ground below, sustaining severe, permanent, and progressive injuries.

18. At the aforementioned time and place, Defendant, ST. LOUIS CONVENTION & VISITORS COMMISSION, owed the duty to exercise reasonable care in the ownership, operation, management, maintenance and control of the aforementioned Dome and its equipment, installations, and fixtures, including but not limited to the Guardrail, so as to avoid creating and keeping hazards for those invitees lawfully upon the premises, including the Plaintiff.

19. In violation of the aforesaid duty, Defendant ST. LOUIS CONVENTION & VISITORS COMMISSION, committed one or more of the following negligent acts and omissions:

a. Failed to furnish a guardrail that was sufficiently high;

b. Failed to furnish a guardrail that remained stable without shifting and/or moving;

c. Maintained guardrails that were too low;

d. Maintained guardrails that shifted and/or moved;

e. Failed to warn that the Guardrail tended to shift and/or move;

f. Failed to replace, and/or otherwise ameliorate the insufficiently low height of the Guardrail; and

g. Failed to repair, replace, and/or otherwise ameliorate the shifting and/or moving Guardrail.

20. As a direct and proximate result of one or more of the aforementioned negligent acts and omissions committed by the Defendant, ST. LOUIS CONVENTION & VISITORS COMMISSION, Plaintiff was caused to fall and impact the ground below, and as a result sustained severe, painful, progressive and permanent personal injuries; incurred medical expenses in relation to the same; lost wages, income, and business opportunity; sustained pain, suffering, and loss of enjoyment of life; and will continue to suffer said injuries, incur medical expenses, lose wages, income, and business opportunity, and sustain pain, suffering, and loss of enjoyment of life in the future.

21. As a further direct and proximate result of the foregoing acts and omissions, the damages of Plaintiff are ongoing and permanent.

WHEREFORE Plaintiff, BRIAN KANE, requests that this Court enter judgment in his favor and against the Defendant, ST. LOUIS CONVENTION & VISITORS COMMISSION, in an amount that is fair and reasonable, in excess of the jurisdictional limits of $75,000, plus costs of this suit and for any other relief this Court deems equitable and just.

**COUNT III**
**Brian Kane v. Live Nation Worldwide, Inc.**

1-8. Plaintiff repeats and re-alleges paragraphs one (1) through eight (8) as if fully set forth herein.

9. On or about the late evening hours of November 2, 2023 and/or the early morning hours of November 3, 2023, and for some time prior thereto, there existed an event venue at or near 701 Convention Plaza, St. Louis, Missouri, commonly known as the Dome at America's Center (hereinafter the "Dome").

10. On or about the late evening hours of November 2, 2023 and/or the early morning hours of November 3, 2023, Defendant, LIVE NATION WORLDWIDE, INC., controlled, operated, managed, and/or maintained a Metallica concert event at the Dome.

11. As part of its activities relating to the aforementioned Metallica concert event, Defendant, LIVE NATION WORLDWIDE, INC., controlled, operated, managed, and/or maintained some and/or all of the Dome premises, including but not limited to the Guardrail.

12. On or about the late evening hours of November 2, 2023 and/or the early morning hours of November 3, 2023, Plaintiff, BRIAN KANE, was a lawful invitee in the Dome, attending a Metallica concert.

13. At the aforementioned time and place, Plaintiff, BRIAN KANE, was seated in the front of his section during the concert, in the elevated seating section directly adjacent to and above the Dome's event floor.

14. At the aforementioned time and place, in front of Plaintiff's seat was a metal guardrail (hereinafter the "Guardrail").

15. The Guardrail was low, and Plaintiff's center of mass was located well above the top of the Guardrail.

16. At the aforementioned time and place, a concert worker threw one or more guitar picks into the audience, towards Plaintiff, BRIAN KANE.

17. While Plaintiff was attempting to catch a guitar pick, the Guardrail shifted, rotating towards the event floor.

18. The low positioning as well as shifting of the Guardrail caused Plaintiff to fall from a height and violently impact the ground below, sustaining severe, permanent, and progressive injuries.

19. At the aforementioned time and place, Defendant, LIVE NATION WORLDWIDE, INC., owed the duty to exercise reasonable care in the ownership, operation, management, maintenance and control of the aforementioned Dome and its equipment, installations, and fixtures, including but not limited to the Guardrail, so as to avoid creating and keeping hazards for those invitees lawfully upon the premises, including the Plaintiff.

20. In violation of the aforesaid duty, Defendant, LIVE NATION WORLDWIDE, INC., committed one or more of the following negligent acts and omissions:

a. Failed to furnish a guardrail that was sufficiently high;

b. Failed to furnish a guardrail that remained stable without shifting and/or moving;

c. Maintained guardrails that were too low;

d. Maintained guardrails that shifted and/or moved;

e. Failed to warn that the Guardrail tended to shift and/or move;

f. Failed to replace, and/or otherwise ameliorate the insufficiently low height of the Guardrail; and

g. Failed to repair, replace, and/or otherwise ameliorate the shifting and/or moving Guardrail.

21. As a direct and proximate result of one or more of the aforementioned negligent acts and omissions committed by the Defendant, LIVE NATION WORLDWIDE, INC., Plaintiff was caused to fall and impact the ground below, and as a result sustained severe, painful,

progressive and permanent personal injuries; incurred medical expenses in relation to the same; lost wages, income, and business opportunity; sustained pain, suffering, and loss of enjoyment of life; and will continue to suffer said injuries, incur medical expenses, lose wages, income, and business opportunity, and sustain pain, suffering, and loss of enjoyment of life in the future.

22. As a further direct and proximate result of the foregoing acts and omissions, the damages of Plaintiff are ongoing and permanent.

WHEREFORE Plaintiff, BRIAN KANE, requests that this Court enter judgment in his favor and against the Defendant, LIVE NATION WORLDWIDE, INC., in an amount that is fair and reasonable, in excess of the jurisdictional limits of $75,000, plus costs of this suit and for any other relief this Court deems equitable and just.

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

SEIDMAN MARGULIS & FAIRMAN, LLP

By: /s/ Daniel R. Seidman
Attorney for Plaintiff

Daniel R. Seidman
SEIDMAN MARGULIS & FAIRMAN, LLP
10825 Sunset Watson Rd., Ste. 100
Sunset Hills, MO 63127
(314) 238-1342
Fax: (224) 603-8345
Attorney ID: MO, 66217
dseidman@seidmanlaw.net